UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
G&G CLOSED CIRCUIT EVENTS, LLC,

                Plaintiff,                          REPORT AND
                                                                                                                                                      RECOMMENDATION
   -against-                                          21 CV 4928 (DG)(RML)

ABRAHAM HERNANDEZ, individually and
d/b/a LA CALENITA PANADERIA COLOMBIANA;
and BALO BAKERY CORP., an unknown business
entity d/b/a LA CALENITA PANADERIA
COLOMBIANA,

                Defendants.
----------------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated December 27, 2021, the Honorable Diane Gujarati, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons explained below, I respectfully recommend that plaintiff's motion for default judgment be denied.

        Plaintiff G&G Closed Circuit Events, LLC ("plaintiff") commenced this action on September 1, 2021, alleging violations of the Federal Communications Act of 1934 (the "FCA"), codified as amended, 47 U.S.C. §§ 553 and 605, and seeking statutory damages, enhanced damages, attorney's fees, and costs. (See Complaint, dated Sept. 1, 2021 ("Compl."), Dkt. No. 1; Plaintiff's Memorandum of Law in Support of Application for Default Judgment, dated Dec. 14, 2021 ("Pl.'s Mem."), Dkt. No. 9-1). Defendants La Calenita Panaderia Colombiana ("La Calenita Panaderia Colombiana" or the "Establishment") and Abraham Hernandez ("Hernandez") were properly served on September 8, 2021 and September 20, 2021, respectively. (Affidavit of Service of Mark McClosky, sworn to Sept. 8, 2021, Dkt. No. 5; Affidavit of Service of Roberto Urena, sworn to Sept. 24, 2021, Dkt. No. 6.) The Clerk of the

Court noted defendants' defaults pursuant to Federal Rule of Civil Procedure 55(a) on November 16, 2021. (Clerk's Entry of Default, dated Nov. 16, 2021, Dkt. No. 8.) On December 14, 2021, plaintiff moved for default judgment against both defendants. (Motion for Default Judgment, dated Dec. 14, 2021, Dkt. No. 9.) Judge Gujarati referred plaintiff's motion to me for report and recommendation. (Order Referring Motion, dated Dec. 27, 2021.) To date, the court has received no communication from defendants.

Plaintiff, a California corporation, alleges that it entered into a licensing agreement with Perform Investment Limited and "was granted the exclusive nationwide commercial distribution (closed-circuit) rights" to the May 4, 2019 telecast of the Saul Alvarez v. Daniel Jacobs, IBF/WBA/WBC World Middleweight Championship Fight (the "Program"). (Compl. ¶¶ 6, 17.) Pursuant to the licensing agreement, plaintiff also alleges that it entered into sublicensing agreements with various commercial establishments to broadcast the Program, including the main event and "undercard or preliminary bouts," in exchange for a fee. (Id. ¶¶ 17-18, 20.) Establishments that entered into sublicensing agreements with plaintiff were provided with the necessary equipment to receive the encrypted signal, or the establishment's cable or satellite provider would be "notified to unscramble the reception of the Program" for the entity. (Affidavit of Nicolas J. Gagliardi, sworn to Dec. 8, 2021 ("Gagliardi Aff."), Dkt. No. 9-2, ¶ 11.) For establishments with a maximum capacity of fifty people, the sublicensing fee was $875. (See id. ¶ 8, Ex. 2.)

La Calenita Panaderia Colombiana is a commercial establishment in Elmhurst, New York. (Pl.'s Mem. at 2.) Plaintiff avers that neither La Calenita Panaderia Colombiana nor Hernandez was contractually authorized by plaintiff to broadcast the Program. (Gagliardi Aff. ¶ 3.) However, plaintiff asserts that a hired auditor entered the Establishment on the date in

question and observed one television set showing the Program with approximately two patrons present.  (Affidavit of Eduar Cruz, sworn to May 7, 2019 ("Cruz Aff."), annexed as Ex. 5 to the Declaration of Joseph P. Loughlin, Esq., dated Dec. 14, 2021 ("Loughlin Decl."), Dkt. No. 9-3.)  The auditor reported that he did not have to pay a cover charge.  (See Cruz Aff.)

Plaintiff contends that its programming "cannot be mistakenly, innocently or accidentally intercepted," and thus claims defendants unlawfully intercepted the Program.  (Gagliardi Aff. ¶¶ 9-10.)  Pursuant to section 605 of the FCA, plaintiff seeks $2,625 in statutory damages and $7,875 in enhanced damages.  (Pl.'s Mem. at 5.)

Upon reviewing the motion for default judgment, it became apparent that the complaint is faulty.  In the complaint, plaintiff identifies defendants as Magno P. Cabanillas, the owner and principal of 167 Broadway Restaurant Corp., and Villa Inca Peru.  (Compl. ¶¶ 7-15.)  Neither La Calenita Panaderia Colombiana, nor Hernandez individually, are named in the pleadings.  (See id.)  All of plaintiff's allegations of wrongdoing are against Villa Inca Peru or Cabanillas.  (See id. ¶¶ 24-26, 28-35, 38-43.)  Further, plaintiff alleges a set of facts regarding the events that transpired on May 4, 2019 that is inconsistent with the description of the facts in the motion for default judgment and accompanying documents.  (See id. ¶¶ 24-25 (describing Villa Inca Peru broadcasting the Program on one screen with approximately fifteen patrons present and beverages served).  Compare Cruz Aff. (describing La Calenita Panaderia Colombiana broadcasting the Program on one screen with approximately three patrons present); Pl.'s Mem. at 8 (describing Eduar Cruz observing the main event on one screen at La Calenita Panaderia Colombiana with approximately three patrons present).)

Given that the complaint does not actually allege any wrongdoing on the part of the named defendants, I must respectfully recommend that plaintiff's motion for default

judgment be denied. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Gujarati and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 (b)(2). Plaintiff is directed to serve copies of this Report and Recommendation on the defendants within three days of the date of this Report and Recommendation and to file proof of service by ECF.

                                                                  Respectfully submitted,

                                                                  /s/
                                               ROBERT M. LEVY
                                             Unites States Magistrate Judge

Dated: Brooklyn, New York
       June 14, 2022